# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| El Petron Enterprises, LLC, | ) |
| Plaintiff | ) **ORDER CANCELLING LIS PENDENS** |
| vs. | ) Case No. 1:16-cv-090 |
| Whiting Resources Corporation, | ) |
| Defendant. | ) |

Before the Court is the Defendant's "Motion to Cancel Lis Pendens" filed on September 2, 2016. See Docket No. 24. The Plaintiff filed a response in opposition to the motion on September 16, 2016. See Docket No. 26. The Defendants filed a reply brief on September 23, 2016. See Docket No. 27. For the reasons set forth below, the Defendant's motion is granted.

## I.  BACKGROUND

On April 25, 2016, El Petron Enterprises, LLC ("El Petron") filed the current lawsuit against Whiting Resources Corporation ("Whiting"). El Petron claims that Whiting has improperly deducted post-production costs from payments on an overriding royalty interest that El Petron reserved from certain oil and gas leases that it assigned to Sonic Oil & Gas, L.P. Whiting is the current owner of the oil and gas leases. The complaint sets forth five claims including: (1) a claim for a declaratory judgment with respect to the rights and obligations of the parties with respect to the overriding royalty interest; (2) a claim for breach of covenants; (3) a claim demanding an accounting of all costs deducted under the overriding royalty interest; (4) a claim for nonpayment of royalties; and (5) a claim for unjust enrichment. In its answer, Whiting admits that El Petron is the record owner of the overriding royalty interest but denies that Whiting has improperly deducted

1

post-production costs in calculating the payments owed to El Petron.

In conjunction with the commencement of this federal action, El Petron filed a notice of lis pendens, pursuant to Section 28-05-07 of the North Dakota Century Code. In its notice of lis pendens, El Petron asserts an interest in and to certain mineral property located in McKenzie County, North Dakota. The notice of lis pendens has been recorded in the McKenzie County Recorder's Office as Document No. 492461. Whiting seeks cancellation of the notice of lis pendens pursuant to Section 28-05-08 of the North Dakota Century Code.

## II.   LEGAL DISCUSSION

Under Section 28-05-07, a notice of lis pendens may be filed "[i]n a civil or criminal action in a court affecting the title to real property." "[T]he purpose of a notice of lis pendens is to 'let the world know that there is an action pending, and everybody interested can go to the clerk's office, and there learn the particulars from the complaint.'" Bragg v. Burlington Res. Oil & Gas Co., 763 N.W.2d 481, 485 (N.D. 2009) (quoting Plott v. Kittelson, 228 N.W. 217, 220 (N.D. 1929)). "The filing of a lis pendens binds a purchaser of property described in the lis pendens to 'all that in like manner affects his granter.'" Id. (internal citations omitted). The relevant portion of Section 28-05-07 provides as follows:

> In a civil . . . action in a court affecting the title to real property, the plaintiff, at the time of filing the complaint . . . or at any time afterwards, . . . may file for record with the recorder of each county in which the real property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property affected. From the time of filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded is deemed a subsequent purchaser or encumbrancer with notice and is bound by all proceedings taken after the filing of such notice to the same extent as if that person were a party to the action.

N.D.C.C.§ 28-05-07.  The use of lis pendens is restricted in order to avoid abuse.  <u>Investors Title Ins. Co. v. Herzig</u>, 788 N.W.2d 312, 324 (N.D. 2010).  Upon a showing of good cause, an aggrieved person may move the court in which the action is pending to cancel a lis pendens.  N.D.C.C. §§ 28-05-08.

A notice of lis pendens may not be predicated on an action or suit seeking merely to recover a money judgment, even if real property is the subject of the dispute.  <u>See</u> N.D.C.C. §§ 28-05-07 and 28-05-08; <u>see</u> <u>also</u> <u>Herzig</u>, 788 N.W.2d at 324-25.  Thus, in order for a notice of lis pendens to be appropriately filed, there must be a civil action "affecting the <u>title</u> to real property."  N.D.C.C. § 28-05-07 (emphasis added).  If only collateral issues are involved that may affect the parties' interest in property, the doctrine of lis pendens does not apply.

In this case, Whiting contends the action brought by El Petron is one for money damages and is not one affecting title to real property and therefore the lis pendens filed by El Petron is improper and should be cancelled.  The Court agrees.

The purpose of a lis pendens is to put prospective purchasers on notice that there is litigation pending which may affect title to a particular piece of real property.  The outcome of this litigation will certainly affect El Petron's overriding royalty interest and the leases owned by Whiting.  However, the ownership of the overriding royalty interests at issue are not in dispute.  The Court concludes the notice of lis pendens recorded by El Petron in the McKenzie County Recorder's Office as document 492461 shall be cancelled.

### III. <u>CONCLUSION</u>

Accordingly and for the reasons explained above, the Defendant's Motion to Cancel Lis

Pendens (Docket No. 24) is **GRANTED**.

    **IT IS SO ORDERED**.

    Dated this 28th day of February, 2017.

                                                  */s/ Daniel L. Hovland*
                                                  Daniel L. Hovland, Chief Judge
                                                  United States District Court